**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**DZHOLLI EVBUOMVAN,**

*Petitioner*,

v.

**WARDEN, ELIZABETH CONTRACT DETENTION FACILITY**, ***et al.***,

*Respondents*.

No. 26-cv-03740

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court upon Petitioner's supplemental certification and additional application for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), submitted in response to the Court's prior Order. (ECF Nos. 37, 38); and

**WHEREAS**, the Court previously determined that Petitioner is entitled to an EAJA award but required counsel to substantiate the requested rates, reconcile discrepancies in the fee calculations, and clarify certain time entries. (ECF No. 36); and

**WHEREAS**, counsel's supplemental submissions adequately address the Court's concerns, except as discussed below, and the Court otherwise finds the requested attorney rate of $264.94 and the remaining attorney time reasonable and adequately supported;[1] and

**WHEREAS**, paralegal services are compensable under the EAJA at prevailing market rates. *Patel v. Att'y Gen. of the U.S.*, 426 F. App'x 116, 119 n.7 (3d Cir. 2011) (citing *Richlin*

[1] The Court observes that the corrected Exhibit C-1 retains bracketed instructions to attach supporting Bureau of Labor Statistics tables, but the tables are not attached. Counsel nevertheless identifies the relevant CPI series, provides the figures and calculation methodology, and explains that the requested attorney rate of $264.94 is below each adjusted rate listed for the months covered by Exhibit A-1. On this submission, the omission does not prevent the Court from finding the requested attorney rate reasonable, and further supplementation is unnecessary.

*Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008)). However, in its prior Order, the Court expressly required counsel to substantiate the requested market rate for each paralegal. (ECF No. 36 at 7–8). Counsel identifies the work performed and each paralegal's qualifications and experience, but she offers no market evidence supporting the requested rate of $175 per hour. Neither the higher rates listed in the retainer agreement nor counsel's assertion that $175 per hour is "at or below the prevailing rate in this District" establishes the prevailing market rate. Nor does counsel explain why the same requested rate is appropriate for both paralegals despite their differing experience. On this record, the Court finds $100 per hour reasonable for the paralegal work claimed here. *See David K. v. Comm'r of Soc. Sec.*, No. CV 22-7491, 2025 WL 1456788, at *2 n.3 (D.N.J. May 21, 2025) (finding a $100 hourly rate reasonable for paralegal services in a Social Security case under the EAJA).[2] Accordingly, the Court allows 7.0 hours of paralegal time at $100 per hour, for a total of $700.00; and

**WHEREAS**, reasonable time devoted to obtaining an EAJA award may be compensable, but "[e]xorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990). The additional application includes 0.2 attorney hours reviewing and analyzing the Court's Order and 1.1 attorney hours reconciling the amounts requested in the Motion and Reply and auditing earlier calculations. (ECF No. 38 at 2). The Court excludes those 1.3 hours because they were

[2] Courts in other districts have likewise reduced or awarded paralegal fees at that rate. *See, e.g., Young v. Comm'r of Soc. Sec.*, No. 6:24-CV-01606, 2026 WL 3077387, at *2 (W.D. La. Oct. 14, 2026) (reducing the rate to $100 per hour); *Diaz v. Kijakazi*, No. 23-CV-00204, 2023 WL 6542322, at *2 (W.D. Tex. Oct. 6, 2023) (same); *Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631, 2026 WL 2935340, at *3 (E.D.N.Y. Sept. 30, 2026) (awarding paralegal fees at $100 per hour).

occasioned by deficiencies in the initial application. The Court otherwise allows the remaining attorney time requested in the additional application; and

**WHEREAS**, counsel certifies that the retainer agreement provides for a $12,000 flat fee, of which Petitioner has paid $10,000, leaving $2,000 outstanding. (ECF No. 37 at ¶ 29). An EAJA award should reimburse the client and compensate counsel for unpaid work, rather than provide a duplicative recovery. *See Barwari v. Mukasey*, 282 F. App'x 896, 900 (2d Cir. 2008). Accordingly, to the extent counsel receives payment of the award, counsel may retain the $5.00 expense reimbursement, shall apply the fee proceeds first toward the $2,000 outstanding balance, and shall refund the remaining fee proceeds to Petitioner; therefore

**IT IS** on this 18th day of November, 2026,

**ORDERED** that Petitioner's requests for attorneys' fees and expenses are **GRANTED IN PART** and **DENIED IN PART.** Petitioner is awarded $6,226.09 in attorney's fees, $700.00 in paralegal fees, and $5.00 in expenses, for a total of $6,931.09. This award reflects the combined request of $7,800.51, less $525.00 for the reduction in the paralegal rate and $344.42 for the 1.3 attorney hours excluded above; and it is further

**ORDERED** that, to the extent counsel receives payment of the EAJA award, counsel may retain the $5.00 expense reimbursement, shall apply the fee proceeds first toward Petitioner's $2,000 outstanding balance under the retainer agreement, and shall refund the remaining fee proceeds to Petitioner; and it is finally

**ORDERED** that, within thirty (30) days after receiving the funds, counsel shall file a letter confirming receipt of the award, the amount credited toward the outstanding balance, and the amount refunded to Petitioner.

**CHRISTINE P. O'HEARN**
United States District Judge

Dated: November 18, 2026